## CLARK et al. v. LANAHAN et al.

## LANAHAN v. CLARK et al.

Circuit Court of Appeals, Third Circuit.
March 5, 1929.

Nos. 3884, 3885.

420

John M. Freeman, Albert E. Hirsch, Francis A. Wolf, and Watson & Freeman, all of Pittsburgh, Pa., for appellant Clark.

Owen J. Roberts, of Philadelphia, Pa., for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and MORRIS, District Judge.

WOOLLEY, Circuit Judge. This court affirmed, with certain modifications, a decree which the District Court [11 F.(2d) 814] had entered against Clark Car Company, a Pennsylvania corporation, and Frank J. Lanahan for an acounting to the Clark Car Company, a New Jersey Corporation, and to Charles H. Clark, also for restitution of certain properties and cancellation of certain instruments purporting to authorize their conveyance. (C. C. A.) 11 F.(2d) 820. After reference to a master, an accounting followed, which is here on cross-appeals from the court's decree overruling exceptions filed by the parties and affirming the master's report in all particulars.

Shortly after the opening of the argument on these appeals this court stated that,

as it had heard and decided the case on the merits in the appeal from the original decree, it would review the questions raised on the accounting as they bore not on the merits originally presented but on the matters definitely decided. Nevertheless, the argument was very much in the nature of a reargument on the merits of the whole case. It will be enough to say that we stand by our original position and shall dispose of the exceptions by giving directions to the learned trial court (based on the decree already entered) as to a proper decree on the accounting without discussing the facts or the law.

Before giving these directions it may be well to state the theory on which they will be framed.

At one time all property, money and rights here in dispute were gathered together in the Pennsylvania corporation whose stock was owned in different proportions by Clark and Lanahan. They consisted of three groups; one, lease agreement, patents, drawings, office furniture and the like which originally belonged to Clark and had been assigned to the company in exchange for its stock; another, the sum of $50,000 which Lanahan originally contributed to the company in exchange for stock; and a third, the increment from these two, which was considerable. In respect to these three groups of properties we recognized three distinct rights, or groups of rights, and directed distribution of the properties accordingly; first, that what originally belonged to Clark should be returned to him; third, that the money which Lanahan contributed should be returned to him with interest; and that, intermediate these (second in position but in certain respects primary in character) the claims of strangers to Clark's and Lanahan's transaction, who had done business with and had extended credit to their Pennsylvania corporation should be paid out of the general assets of the corporation before Clark should absolutely retain his property and before certain payments should be made to Lanahan. Here, then, were three groups of properties and as many groups of claimants. As the corporation was in receivership we thought that these properties could, in a relatively simple and orderly way, be distributed and the various claimants satisfied through that instrumentality. But the learned trial court, thinking otherwise, did not avail itself of the receivership but turned the corporation and all its property over to Clark and, on accepting security from Clark and the Pennsylvania company to pay Lanahan what might be found due him, referred the case to a master to take and state an account by Lanahan and the Pennsylvania company. Thus it gave Clark all the property without caring for the claims of the company's creditors and made it difficult, if not impossible, finally to determine what should be paid Lanahan as "compensation" and what should be retained by Clark without first determining, as required by the decree, the indebtedness of the company to its creditors who were strangers to the transaction. We think the decree of this court makes it plain that these creditors should be paid before any payment should be made to Lanahan for compensation or any award be made to Clark, the New Jersey company, or their privies. With these observations we shall formulate our instructions to the master as though addressed to a receiver enjoined to make distribution according to the decree of this court, confident that the master and court can work them out in conformity therewith.

To that end we direct that the case be remanded to the master for an amended accounting on the same reference, to be conducted as though he were acting as a receiver in allowing and disallowing claims and making distribution of the property of the Pennsylvania company pursuant, of course, to the previous decree of this court in respect to new matters and consistent with the following instructions in respect to matters already decided by him and now excepted to.

1. The master shall hear, consider and decide claims of all creditors of the Pennsylvania company who, as defined by the decree, were strangers to the transaction in suit on the effective date of Clark's bond and order payment from the general or common properties of the company as a step necessarily antecedent to the allowance and payment of compensation to Lanahan, as provided by the decree, without prejudice to the right of such creditors, if not satisfied, to establish their claims and recover from the Pennsylvania company in any way provided by law; but, should they not enter, or, after entering, withdraw from this reference, such creditors shall not retain the preference given them nor shall their conduct in this respect delay or otherwise prejudice the ascertainment and payment to Lanahan and others of the amounts found due them in the allowances to be made and reported by the master.

2. After the master shall have allowed and the Pennsylvania company shall have paid or have offered to pay the debts which it owed its creditors on the date named, he shall allow Clark to retain the property which

originally belonged to him and which he now holds through stock ownership of the Pennsylvania company, liable of course for the claims of non-assenting creditors but free from all claims of Lanahan, and also the profits earned by the company during Lanahan's management after deducting and paying allowances to Lanahan and others and all proper charges.

■ 3. The master shall, as in his former report, allow Lanahan $50,000 as a general non-preferred debt of the Pennsylvania company with interest, payable from any fund or property except that which originally belonged to Clark.

4. The master shall, as before, allow Lanahan $88,000 as "compensation," payable after ascertaining claims filed by creditors as aforesaid and after they have either accepted or rejected payment of the same.

■ 5. The master shall, as before, allow the item of $446 which Lanahan paid Clark and Doolittle, patent attorneys, as reimbursement to Lanahan for expenditures properly chargeable to and payable by the Pennsylvania company.

■ 6. The master, for the reasons he gave, was right in dividing and reckoning the costs and charges of this litigation as of August 3, 1925, the date of the decree of the District Court and the date upon which the controversy between the corporate parties as originally named practically ceased and became a personal controversy between Clark and Lanahan, and he shall, except as hereafter indicated, make in his next report like allowances, disallowances, charges and surcharges.

■ 7. The master was right in not surcharging Lanahan with the item of $9101.65, fees and expenditures incurred in the receivership, and with the item of $8,000 paid Weller & Wicks for professional services to the company in respect to matters other than this litigation, and with the item of $5,351.63 paid as bonuses in the course of business, and he shall make like rulings in his next report.

■ 8. The master was right in denying Clark's claim for reimbursement at Lanahan's expense in the sum of $49,968.41 for expenditures and liability for attorneys' fees incurred in this litigation; and, similarly, on the record as made, he was right in denying Lanahan's claim for unpaid attorneys' fees in the sum of $37,000 and expenses in the sum of $297.70. This of course will not preclude attorneys who may themselves claim the latter two sums from presenting their claims to the master for services to the Pennsylvania company or resorting to suit against that company where, in either case, they must of course prove that they were employed by and rendered services to the Pennsylvania company as distinguished from Lanahan, and prove the amount properly due from the company. This court cannot in a case of this kind forestall attorneys or other claimants against the Pennsylvania company proving before the master debts due them as strangers to this transaction—one not created by fraud —or abridge their right to an action at law. It can however say (and it does say) to them and to all others in their class, that they must definitely stand within or outside the reference in order to avail themselves of the rights and advantages incident to either position, incurring at the same time the incident risks.

■ 9. The master did not err in refusing to surcharge Lanahan with expenditures by the company in the ordinary course of business amounting to $3,521.66. He shall make a like finding in his next report.

10. The master properly denied Lanahan's request that his expenditure of $1,000 to Wholey, of $66.57 to Weller & Wicks, and $4,883.19 to Roberts & Montgomery be charged against the company.

11. The master properly disallowed the general claims of Clark and the Clark Car Company of New Jersey for damages and set-off against the claims of Lanahan.

12. In order to avoid any question we specifically find that the items which the master charged against Lanahan in the tabulated account and deducted from the gross credits allowed him in determining the balance due him are right.

■ 13. All other matters ruled by the master, excepted to by the parties and affirmed by the District Court are approved except the master's recommendation and the court's order that the costs of stenographer's services incident to the accounting, which amount to $789.50, and the master's fee of $7,500 should be paid by the Pennsylvania company and thereafter constitute a credit on account of the amount found due by the company to Lanahan, or, stated differently, that these items should be wholly paid by Lanahan. We direct that these costs be divided and that they be paid in equal shares by the Pennsylvania company and Lanahan.

The decree of the District Court when modified in accordance with this opinion will be affirmed, costs of the cross-appeals to be divided and taxed equally against the respective appellants.