## FORDING v. CLARK CAR CO. et al.

### No. 4495.

Circuit Court of Appeals, Third Circuit.

Feb. 25, 1931.

Carl E. Glock, of Pittsburgh, Pa., for appellant.

E. Lowry Humes, of Pittsburgh, Pa., for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and JOHNSON, District Judge.

WOOLLEY, Circuit Judge.

It should be noted at the outset that the matter here on review is not the Clark-Lanahan controversy. Clark Car Company of New Jersey v. Clark et al. (D. C.) 11 F.(2d) 814; Lanahan v. Clark Car Company et al. (C. C. A.) 11 F.(2d) 820; Clark et al. v. Lanahan et al. (C. C. A.) 31 F.(2d) 419. It arises out of a fund resulting from that litigation to a part of which the appellant has laid claim. So, to lift this case out of the fog of that controversy, there are just two things that should be kept in view: One, the appellant's claim; the other, the fund. The trouble is with respect to the character of the claim and the character of the fund and, consequently, with the relation of one to the other.

The first bill in this long conflict was filed by the Clark Car Company, a corporation of New Jersey against the Clark Car Company, a corporation of Pennsylvania, and Clark and Lanahan. After the litigation had started, and stalled, Arthur H. White, a stockholder of the New Jersey corporation and Charles H. Clark, a defendant in that suit who had aligned himself with the plaintiff, retained Arthur O. Fording, an attorney, to represent them and other stockholders of the New Jersey corporation similarly situated in an effort to revive and speed up the litigation. Later Mr. Fording became attorney for the New Jersey corporation and, acting on its behalf and perhaps on behalf of White and Clark, rendered them services through which he says he created the fund of the Clark Car Company of Pennsylvania which was before this court after exceptions to a master's report. 31 F.(2d) 419.

It should also be noted that Mr. Fording was not, nor has he ever claimed to be, attorney for the Pennsylvania corporation—the corporation with the fund. His clients were the New Jersey corporation and certain of its stockholders. When they failed to pay his fees he resorted to the fund of the Pennsylvania Company and presented to a master (then acting on a reference of distribution) a claim of $60,000 for professional services on the theory that having created the fund he was entitled to compensation from it. Trustees v. Greenough, 105 U. S. 527, 26 L. Ed. 1157.

Now the fund has its own peculiarities. It consists, in effect, of sundry assets of the Pennsylvania corporation, certain of them owned at different times by and liable to sundry persons in as many different rights and as many different priorities, all fixed by decrees of court. 31 F.(2d) 419. With this fund and its character established, a reference was made to a master to report an order of distribution conformably with these rights and priorities. He made a report which, after exceptions, was modified by this court and the reference remanded with specific instructions. 31 F.(2d) 419. These instructions, together with what had gone before, defined the purpose of the reference and determined its scope which had to do with several things: The claims of Clark, Lanahan, and creditors of the Pennsylvania company who were strangers to the transaction, and their relative priorities.

As Mr. Fording's claim against the fund of the Pennsylvania company for services rendered the New Jersey company was out-

side these groups of claims, there immediately arose the question, Where, as a new claimant to the fund for a very considerable sum, did he stand among the other claimants with fixed preferential rights to the whole fund? Here was a real legal difficulty, for on its face his claim was directed to the fund at large. Mr. Fording answered this question when he withdrew from the grouped claimants and, taking a stand alone, claimed for his fees so much of the fund or property as would go to Clark after payment to Lanahan and other creditors. The master evidently thought that when Mr. Fording stepped outside the circle of persons to whose claims the reference was directed, he stepped outside the scope of the reference. Thereupon, after hearing Mr. Fording and making certain findings of fact, the master disallowed the claim as beyond the scope of the reference defined by this court. Then, on exceptions, the master's report went before the District Court which did two things: One, it sustained the master in dismissing the claim because not within the scope of the reference; the other, it made a finding of its own that, anyhow, Mr. Fording's claim was not a lien on the fund.

We agree with both the master and court that the claim is not within the scope of the reference in which the master was required to make specific findings in relation to claims of classified claimants. This claim is a litigous matter wholly outside the Clark-Lanahan controversy and its fund, tryable, if at all, by a court, not by a master, except perhaps on a specific reference by a court. As presented against the whole fund, Mr. Fording's claim, if allowed, would inject a new unrelated element into the Clark-Lanahan dispute and throw all other claims out of balance. His limitation of the claim to Clark's residue of the fund (of the existence of which there is grave doubt in view of the company's insolvency and the number of its preferred creditors) did not change the situation or give him a right to bring and try his action before the master on this reference.

This holding is made with the cautionary observation that while conceededly the master had to find facts sufficient to determine whether Mr. Fording's claim was within the reference, all his findings of fact except those bearing on that question fell when he determined that it was outside of the reference. So, with this exception, his findings of fact and his failure to find facts in respect to this alien claim are without legal force and bind no one in the event it should be pressed in some other proceeding. When the master refused to allow the claim for the reason he gave and the court sustained his action for the same reason, it seems to us the claim passed out of court leaving nothing on which the learned trial judge could predicate his second ruling that, if otherwise presented, it would not be a lien upon the fund.

We are constrained to hold that was a ruling on a matter not then before the court and in respect to which we do not intimate an opinion.

The order of the District Court affirming the master's report on the claim of Arthur O. Fording is, on the first ground, affirmed.